(Not for publication)                                                    (Docket No. 4)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____
                                  :

CHARLES D. BAHM, JR.,         :

                              :

            Plaintiff,        :    Civil No. 06-5158 (RBK)

                              :

           v.              :    **OPINION**

                              :

THE COMMISSIONER OF SOCIAL   :
SECURITY,                     :

                              :

            Defendant.     :
_____ :

**KUGLER**, United States District Judge:

      This matter comes before the Court on a motion by the Commissioner of Social Security

("the Commissioner") to dismiss the Complaint in the instant action brought by Plaintiff Charles

D. Bahm, Jr. ("Plaintiff") pursuant to 42 U.S.C. § 405(g).  The Commissioner moves pursuant to

Federal Rule of Civil Procedure 12(b)(5), alleging that Plaintiff has failed to effect proper service

within 120 days after the filing of the Complaint, as required by Federal Rule of Civil Procedure

4(m).

## I.       BACKGROUND

      On October 26, 2006, Plaintiff filed his Complaint in the instant action, seeking judicial

review of a final decision on Plaintiff's Social Security claim.  Plaintiff's affidavit of service

shows that he had service of a copy of the Summons and Complaint made on the Commissioner

on April 23, 2007.[1]  (Docket No. 2.)  The Commissioner represents that on June 13, 2007, the United States Attorney for the District of New Jersey sent a letter to Plaintiff's counsel alerting Plaintiff to the requirements of Federal Rule of Civil Procedure 4(i)(1), which requires that in suits against the United States a plaintiff send by registered or certified mail "a copy of the summons and of the complaint to the United States attorney for the district where the action is brought" and "to the Attorney General of the United States at Washington, D.C."  Fed. R. Civ. P. 4(i)(1)(A), (B).  The United States Attorney noted that his letter, a copy of which was attached to the instant motion, did not constitute an appearance by the Commissioner, and alerted Plaintiff that the United States Attorney for the District of New Jersey had no record of having been served in this matter.  Plaintiff, in a later filing, represented that he does not recall receiving the letter.

On March 24, 2008, Plaintiff made an application to the Clerk for default to be entered as to the Commissioner for failure to plead or otherwise defend in this action.  The Clerk did not enter default.

On June 9, 2008, the Commissioner filed the instant motion to dismiss, arguing that the requirements of Rule 4 have not been met, in that Plaintiff has failed to serve the United States Attorney for the District of New Jersey nor the United States Attorney General.

Thereafter, the Court received two letters from Plaintiff's counsel, the first on June 24, 2008, in which counsel requests an adjournment of the instant motion and an extension of time to

---

[1] In the instant motion, the Commissioner states that Plaintiff sent copies of the Summons and Complaint to the Commissioner on April 19, rather than April 23.  Plaintiff's proof of service references the later of the two dates, so the Court will consider service to have been made on the Commissioner on April 23, 2007.

2

oppose it.  Shortly thereafter, on July 7, 2008, Plaintiff's counsel again wrote the Court to explain his continued delay in opposing the instant motion.  Plaintiff's counsel represents in this second letter to the Court that "the summons and complaint have been served upon the United States Attorney for the district in which the matter was brought as well as the U.S. Attorney General in Washington, DC."  Counsel attached to the second letter a "Certification in Opposition to Defendant's Motion."  The letter nor its attachment were entered on the docket, however counsel for the Commissioner was copied on the communication.  Plaintiff's certification by counsel includes extensive details about the prior year of counsel's professional life, including that his secretary resigned in April 2007 and has been difficult to replace.  Counsel states, "I overlooked the fact that the papers were never served upon the U.S. Attorney for our district, as well as the U.S. Attorney General.  I relied upon the default of the Commission of Social Security." [sic] Plaintiff requested that the Court extend the time for service, "[s]ince service has been sent" and there would be a lack of prejudice to the Commissioner were the Court to grant an extension because the Commissioner had been served.  Incidentally, at the time of this communication, Plaintiff's counsel did not provide the Court proof of service on the United States Attorney for the District of New Jersey nor the United States Attorney General.

On August 4, 2008, Plaintiff filed a document styled "Proof of Service," which is in substance a certification that on June 21, 2008, process was served in this case on "Social Security Admin. Jenifer Rosa, Sp. Asst US Atty Office of Gen. Counsel 26 Federal St. Rm 3904 New York, NY 10278" and on "Office of US Atty 441 4th St. N.W. Suite 1060N Washington, DC 20001."  (Docket No. 5.)

## II.   LEGAL STANDARD

3

Under Federal Rule of Civil Procedure 12(b)(5), a party may move for dismissal of a Complaint for insufficient service of process.  Courts cannot exercise jurisdiction over a party that has not been properly served in conformity with Rule 4 of the Federal Rules of Civil Procedure.  See Adams v. AlliedSignal Gen. Aviation Avionics, 74 F.3d 882, 886 (8th Cir. 1996) (holding that where defendant is improperly served, a district court lacks jurisdiction over the defendant regardless of whether defendant had actual notice of lawsuit); Eastman Kodak Co. v. Studiengesellschaft Kohle mbH, 392 F. Supp. 1152, 1154 (D. Del. 1975) ("Service of process on a [defendant] is the procedural incident of the assertion of a court's jurisdiction over it.").

The burden of proof of service lies on "the party asserting the validity of service." Grand Entm't Group v. Star Media Sales, 988 F.2d 476, 488 (3d Cir. 1993).

## III.   DISCUSSION

The Commissioner asserts that Plaintiff has not properly served the U.S. Attorney for the District of New Jersey, where this action was brought, nor the U.S. Attorney General in Washington, D.C.  Rule 4 governs the requirements for service of process. Regarding time limitations, Rule 4 states:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause of the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m); Abdel-Latif v. Wells Fargo Guard Services, Inc., 122 F.R.D. 169, 171 (D.N.J. 1988).  When suing a federal officer, such as the Commissioner of Social Security, in his

or her official capacity,[2] the plaintiff must also serve both the U.S. Attorney for the district where the action is brought and the Attorney General of the United States.  Fed. R. Civ. P. 4(i)(1), (2).

Before dismissing a suit for insufficient service of process, the court should "determine whether good cause exists for an extension of time."  Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305-06 (3d Cir. 1995).  Good cause requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules."  MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995) (holding that "good cause" is the same standard as "excusable neglect" under Rule 6(b)(2)) (citing Petrucelli, 46 F.3d at 1312)  Some of the factors courts examine in determining whether good cause exists include: (1) the reasonableness of the plaintiff's efforts to serve, (2) the prejudice that may befall a defendant as a consequence of untimely service, and (3) whether plaintiff moved for an enlargement of time to serve.  Id. (citing the three factors but noting that although prejudice to the defendant is a consideration, the "absence of prejudice alone can never constitute good cause to excuse late service").  In addition, the burden of establishing good cause rests with the Plaintiff.  Parker v. John Doe # 1, No. Civ. A. 02-CV-7215, 2003 WL 21294962, at *2 (E.D. Pa. Jan.21, 2003).

Rule 4 also provides that "the court must allow a party a reasonable time to cure its failure to serve" a federal officer, if the party has served either the United States attorney or the Attorney General of the United States.  Fed. R. Civ. P. 4(i)(4)(A).

In this case, Plaintiff had 120 days after the filing of his Complaint to serve the

---

[2] The proper defendant in a civil action seeking judicial review of a final decision on a Social Security claim is the Commissioner of Social Security.  42 U.S.C. § 405(g).

5

Commissioner of Social Security, the United States Attorney for the District of New Jersey, and

the U.S. Attorney General in Washington, D.C.  Fed. R. Civ. P. 4(i)(1), (2).  In their motion

papers and communications with the Court, the parties focus on service of process on the U.S.

Attorney for the District of New Jersey, and the U.S. Attorney General.  The Court, however, is

concerned with the sufficiency of service on all three persons who must be served in order for

Plaintiff to meet the requirements of Rule 4.  Plaintiff filed his Complaint in this Court on

October 26, 2006, so he had until February 23, 2007, to effect service on the Commissioner, the

U.S. Attorney for the District of New Jersey, and the U.S. Attorney General.  By Plaintiff's own

representations, proper service has not been effected.

Plaintiff's affidavit of service on the Commissioner shows that service was made on April

23, 2007.  (Docket No. 2.)  The Court finds that Plaintiff did not serve the Commissioner in the

120 days allowed by Rule 4, serving the Commissioner one month after the deadline for service

of process.

Because the Court notes that Rule 4 requires that the Court allow Plaintiff a reasonable

time to cure his  failure to serve the Commissioner if he has served either the United States

Attorney or the Attorney General of the United States, the Court will consider whether there has

been proper service on either of those persons.  Fed. R. Civ. P. 4(i)(4)(A).  Plaintiff's "Proof of

Service" shows that he served process on Special Assistant United States Attorney Jennifer Rosa

at the Social Security Administration in New York on July 21, 2008.  (Docket No. 5.)  Further,

Plaintiff certifies in his "Proof of Service" that he served process on the "Office of the US Atty"

in Washington, D.C. also on July 21, 2008.  Id.  The Court finds that Plaintiff has not provided

proof of proper service as to either of these other two persons required to have been served.

6

Special Assistant United States Attorney Jennifer Rosa is a representative of the Social Security Administration, so there has been no proof of service on the U.S. Attorney for the District of New Jersey.  The address in Washington D.C. which the Court understands Plaintiff used to attempt to serve process on the U.S. Attorney General is not the address of the U.S. Department of Justice, the address to which correspondence to the Attorney General is to be sent.[3] Accordingly, the Court is not required under Rule 4(i)(4)(A) to extend the time for proper service.

The Court turns to the requirement in Rule 4 that the Court extend the time for service if good cause is shown for the failure to properly serve.  Based on the principles articulated in MCI Telecomm., the Plaintiff's failure to effectuate proper service appears unreasonable under the circumstances.  Counsel has at no time explained his delay in serving the Commissioner in this case.  Counsel represented in his June 7, 2008 letter to the Court that he "overlooked" the failure to serve the U.S. Attorney for the District of New Jersey and the U.S. Attorney General.

However, Plaintiff failed to serve the Commissioner until one month after the expiration of the deadline for service of process and never attempted to serve the other requisite persons until more than a year after service of process was required.  Plaintiff's counsel relies upon his secretary's departure as an excuse for his failure to timely serve the U.S. Attorney and the U.S. Attorney General.  By counsel's own representation, his secretary announced her departure in April 2007, the month after the deadline for service of process.  Additionally, Plaintiff did not attempt service on the U.S. Attorney and the U.S. Attorney General until almost a year after a

_____

[3] The Court notes that the address Plaintiff used appears to be the address of the Office of the Attorney General for the District of Columbia, not the United States Attorney General.

letter from the U.S. Attorney from the District of New Jersey reminding counsel of the requirements of Rule 4(i)(1).  Even considering that counsel represents that he does not recall receiving the letter from then U.S. Attorney Christie, his explanation for his delay is unreasonable, as he merely claims that he "overlooked" the requirements of Rule 4 and that the Commissioner has not been prejudiced by his error.

Plaintiff was either on explicit notice that the U.S. Attorney had not been properly served according to the requirements of Rule 4 or should have known of the requirements of Rule 4 and, by his own admission, merely overlooked them.  It appears that Plaintiffs did not make sufficient effort to effectuate proper service or obtain a valid waiver.  Clearly, the 120 day period for effectuating timely service has long passed, as Plaintiff filed his Complaint on October 26, 2006. Moreover, Plaintiff never moved for an enlargement of time to serve until his request in the June 7, 2008 letter.  The Court finds that the request for an enlargement of time was unreasonably delayed, and the underlying explanation for the failure to serve was unpersuasive and unreasonable itself.  Because the Third Circuit has made clear that an absence of prejudice is not alone an excuse for late service, the Court need not consider the question of prejudice to the Commissioner in this case, Plaintiff's only remaining argument on this issue.  Accordingly, this Court finds that Plaintiff failed to meet his burden of demonstrating good cause for the failure to effectuate service on the Commissioner the U.S. Attorney for the District of New Jersey and the U.S. Attorney General. Therefore, the Complaint will be dismissed as to pursuant to Rules 12(b)(5) and 4(m).

## IV.    CONCLUSION

Based on the foregoing reasoning, the Court will GRANT the Commissioner's motion,

and Plaintiff's Complaint will be DISMISSED WITHOUT PREJUDICE.  An accompanying

order shall issue today.


Dated:    4-21-09                                /s/ Robert B. Kugler
                                           ROBERT B. KUGLER
                                           United States District Judge

9